IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SAMUEL A. LYONS, | * |
| Plaintiff, | * |
| v. | * |
| | *     Civil No. 24-1059-BAH |
| US MAGISTRATE JUDGE A. DAVID COPPERTHITE, | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM AND ORDER

Plaintiff Samuel A. Lyons ("Plaintiff"), proceeding *pro se*, brought suit against United States Magistrate Judge A. David Copperthite ("Judge Copperthite") alleging violations of his Fifth and Fourteenth Amendment rights. ECF 1. For the reasons explained below, Plaintiff's complaint will be DISMISSED.

This case arises out of a separate action in this Court dismissed by Judge Copperthite. *See generally* ECF 1. That case stemmed from a Maryland workers' compensation case, which eventually led to Plaintiff filing a tort claim for fraud against PMA Indemnity Insurance ("PMA") in the Circuit Court for Harford County. *Id.* at 2 ¶¶ 6–7; ECF 1-4 (state court complaint numbered C-12-CV-22-902). PMA removed that case to this Court, which was assigned Civil Case No. 23-359-ADC. *See* ECF 1, at 2 ¶ 7; ECF 1-5 (notice of removal in Civ. No. 23-359-ADC).[1] Plaintiff

---

[1] The Court "may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). The docket in Civ. No. 23-359-ADC is a matter of public record.

later amended the complaint, dismissing PMA as a defendant and instead naming Ileen M. Ticer Greene ("Greene"), former lead counsel for PMA, as the only defendant. ECF 1, at 2 ¶ 7; ECF 1-6 (first amended complaint in Civ. No. 23-359-ADC). Greene moved to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and Judge Copperthite granted the motion. *See* ECF 1, at 3 ¶ 7[2]; ECF 1-9 (Judge Copperthite's memorandum opinion)  After Plaintiff appealed, the Fourth Circuit affirmed Judge Copperthite's order granting the motion and dismissing the case. *See* ECF 1, at 3 ¶ 7; ECF 1-11 (judgment of the Fourth Circuit). Plaintiff asserts that, subsequent to the Fourth Circuit's ruling, he filed a "notice of judicial error" and a motion to remand back to Circuit Court for Harford County in Civ. No. 23-359-ADC, which went unanswered. ECF 1, at 3 ¶ 8; ECF 1-12 (notice and motion filed in Civ. No. 23-359-ADC).

Plaintiff's complaint "asserts that the District [C]ourt of Maryland erred in accepting and litigating the Plaintiff's Maryland State claim, . . . which is solely based on a Maryland Workers' Compensation case," and "therefore this Court has no subject matter jurisdiction over the case." ECF 1, at 3–4 ¶ 9. Plaintiff also "asserts that the wrong statute of limitations was applied to the case before the Court, resulting in the dismissal of the case." *Id.* at 4 ¶ 10.

This Court lacks subject matter jurisdiction over "obviously frivolous" claims. *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (quoting *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288 (1910)); *see also Mallard v. U.S. Dist. Ct. for S.D. of Iowa*, 490 U.S. 296, 307–08 (1989) (noting court authority to dismiss frivolous claims exists even in the absence of a statutory provision providing such authority); *Alexander v. Dep't of Army*, Civ. No. DLB-21-2285, 2021 WL

---

[2] The complaint contains two successive paragraphs numbered "7," both appearing in part on page 3 of the complaint. *See* ECF 1, at 3.  This citation refers to the second paragraph 7.

4417080, at *1 (D. Md. Sept. 24, 2021) (listing cases), *aff'd sub nom.*, *Alexander v. Dep't of the Army*, No. 21-2131, 2021 WL 6101837 (4th Cir. Dec. 22, 2021), *cert. denied*, 143 S. Ct. 98 (2022).

This principle applies even if, as here, a plaintiff has paid the requisite filing fee. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee[.]"); *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015) (mem.) ("Frivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee."); *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014) (same); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (same). Additionally, for a patently frivolous complaint, "dismissal prior to service of process is permissible" as the Court lacks subject matter jurisdiction over the action. *Smith*, 616 F. App'x at 90; *Chong Su Yi*, 554 F. App'x at 248; *Ross*, 493 F. App'x at 406.

Plaintiff seeks relief against Judge Copperthite under 42 U.S.C. § 1983 for alleged violations of his Fifth and Fourteenth Amendments and due process. ECF 1, at 1 ¶ 1, at 4. He seeks "to remand the original complaint back to the Circuit Court of Maryland for Harford County." *Id.* at 4. Though Plaintiff cites § 1983,[3] which permits suits for damages against state and local officials, he essentially seeks to appeal Judge Copperthite's order dismissing his earlier case—an order which was affirmed by the Fourth Circuit.

Plaintiff's complaint must be dismissed as frivolous as it is barred by judicial immunity. Judges "are not liable to civil actions for their judicial acts," including under § 1983, "even when

---

[3] Section 1983 permits suit against state and local officials who, under color of law, "depriv[e the plaintiff] of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C § 1983. It explicitly carves out that "except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *Id.*

such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (quoting *Bradley v. Fisher*, 13 Wall. 335, 351 (1872)); *see also Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976). "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits." *Forrester v. White*, 484 U.S. 219, 226–27 (1988). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity can only be overcome if the suit is for a judge's non-judicial acts, or the judge, acting in the course of their judicial duties, "acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 357 (quoting *Bradley*, 13 Wall. at 351).

Neither of these two circumstances are present here. Judge Copperthite's act of dismissing Plaintiff's prior suit was plainly a judicial act. Plaintiff asserts that this Court did not have subject matter jurisdiction over his case under 28 U.S.C. § 1445(c), which proscribes removal of any action "arising under the workmen's compensation laws" of a state. *See* ECF 1, at 4. His case, however, did not "arise under" workmen's compensation laws—it was a tort action for conduct relating to a workmen's compensation proceeding. Judge Copperthite did not act in the clear absence of all jurisdiction and is, therefore, protected from suit by judicial immunity. Plaintiff's redress lay in appealing the Fourth Circuit's affirmance of Judge Copperthite's order, not in instituting a new case against Judge Copperthite. For these reasons, "[t]he doctrine of absolute judicial immunity compels dismissal of this case." *Edokobi v. Motz*, Civ. No. DKC-13-3378, 2013 WL 6713290, at *2 (D. Md. Dec. 18, 2013) (summarily dismissing a complaint alleging § 1981 and § 1983 claims against a judge for the judge's judicial acts in separate case).

This Court is mindful that *pro se* pleadings must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Liberal construction means that documents filed by *pro se* litigants must be held to a "less stringent standard[] than formal pleadings drafted by lawyers." *Id.* However, "liberal construction does not mean that this court can ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim." *Zahir v. McKeefery*, Civ. No. PX-19-1271, 2019 WL 1980352, at *1 (D. Md. May 3, 2019) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990)).

Accordingly, it is, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The complaint IS DISMISSED as frivolous;
2. The Clerk SHALL provide a copy of this memorandum and order to Plaintiff; and
3. The Clerk SHALL CLOSE this case.

Dated: June 24, 2024                                           /s/
                                                      Brendan A. Hurson
                                                      United States District Judge